IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOSE SOTO,<br><br>                     Plaintiff,<br><br>v.<br><br>DR. BRUCE BURNHAM et al.,<br><br>                     Defendants. | **MEMORANDUM DECISION & ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BECAUSE OF PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>Case No. 2:12-cv-00668-TS<br><br>Judge Ted Stewart |

Plaintiff Jose Soto was an inmate at Central Utah Correctional Facility (CUCF). Soto alleges that during his time at CUCF Defendants Dr. Bruce Burnham and Medical Technician John Doe denied him adequate medical care immediately after he broke his arm. He brings suit under 42 U.S.C.S § 1983, 1988 (2013) and Utah state law. Soto also requests other relief under the Americans with Disabilities Act. Defendants argue that Plaintiff never timely filed a grievance and therefore has failed to exhaust his administrative remedies as required to bring suit. Before the Court is Defendants' Motion for Summary Judgment based on exhaustion. (Doc. 20.)

## ANALYSIS

### I. Accepted material facts for summary-judgment purposes only

1. Soto broke his arm on Thursday, April 14, 2011. (*See* Am. Compl., p. 2.)

2. Although Soto was in severe pain later that night, Defendant Doe, after consulting on the phone with Defendant Burnham, denied immediate x-rays, gave Soto an ice pack, and told Soto to wait until Monday for additional medical care. (*See id.*, p. 2-3.)

3. On June 22, 2011, Soto filed a grievance as to inadequate medical treatment for his broken arm. (*See id.*, p. 3.)

4. Level-One grievances are to be filed within seven working days of an incident or the time the inmate knew or should have known about an incident. Utah Dep't of Corrs. (UDOC) Inmate Grievance Policy, FDr02/03.03; (Dec. of M. Coulter at ¶ 9).

### II. Legal standards

#### a. Summary judgment

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A mere factual dispute will not preclude summary judgment; rather there must be a genuine issue of material fact. *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Cellotex v. Catrett*, 477 U.S. 317, 325 (1986). This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D.Utah 1998).

Once the moving party satisfies its initial burden "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* Courts need not blindly accept the plaintiff's version of events, but rather it is the "factual matrix" most favorable to the plaintiff that this Court must consider. *See Carr v. Castle*, 337 F.3d 1221, 1227 (10th Cir. 2003). Further, in opposing summary judgment the plaintiff must provide "significant probative evidence tending to support the complaint." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

The Tenth Circuit has recognized that, given the fact-sensitive nature of exhaustion determinations, "[a] motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust [is] appropriate." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir.2003), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007). When deciding such a limited motion for summary judgment, the Court applies typical summary-judgment rules. *Id.* Thus, the moving party bears the initial burden of showing that there is no evidence to support the plaintiff's contention that he exhausted all available administrative remedies. Once the moving party has made such a showing, the burden then shifts to the nonmoving party to produce admissible evidence showing that genuine issues of material fact exist that would preclude summary judgment on the exhaustion question. Here, Soto essentially admits that he did not comply with exhaustion requirements. (Am. Compl. at ¶¶ 27, 32-35.)

3

### b. Exhaustion Requirement

The United States Supreme Court and the Tenth Circuit have been clear that the exhaustion requirement must be met before a § 1983 claim is brought in federal court:

> The Prison Litigation Reform Act (PLRA) imposes a mandatory exhaustion requirement on inmates challenging prison conditions in federal court:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a); [ ]. An inmate's failure to exhaust is an affirmative defense and the burden is on the defendant to prove the failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 921, 166 L.Ed.2d 798 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir.2007).

*Thomas v. U.S. Bureau of Prisons*, No. 07-1426, 2008 U.S. App. LEXIS 13415, at *5-6 (10th Cir. June 24, 2008).

Further, the United States Supreme Court has held that a prisoner must exhaust administrative remedies even when the relief sought cannot be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 734, 741 n. 6 (2001) (stressing "we will not read futility or other exceptions into [the PLRA's] exhaustion requirements where Congress has provided otherwise"). "An inmate properly exhausts by completing all the steps of the prison's administrative grievance process." *Hardeman v. Sanders*, No. 10-7019, 2010 U.S. App. LEXIS 20467, at *5 (10th Cir. Oct. 4, 2010) (unpublished).

### III. Defendants' Motion for Summary Judgment

UDOC policy as to exhausting administrative remedies requires the grieving inmate to go complete three levels. (Dec. of M. Coulter, at ¶¶ 4-18.) Soto has filed copies of the grievance-denial forms he received at each of the three grievance levels. (Doc. 30.) These forms clearly indicate the grievances have been denied as not being filed within policy time frames. (*Id.*) "Level One grievances are to be filed within seven working days of an incident or seven working days from the time the inmate knew or should have known about an incident." (Dec. of M. Coulter, at ¶9 (citing FDr02/03.03).)

Trying to explain his untimely grievances, Plaintiff asserts he was unaware of the extent of his arm injury and unaware of the grievance process until other inmates told him about it. (Doc. 32, at ¶¶ 4-6.) However, the specific omissions of Defendants forming the basis of Soto's claims regard the lack of adequate treatment on April 14, 2011. Soto was aware on that date that Defendants did nothing more for him than deny x-rays and provide an ice pack, even though Soto believed he had broken his arm. Soto knew on that Thursday night that Defendants would do nothing more for him until Monday, April 18, 2011. Thus, the time within which Plaintiff could have effectively and timely grieved this matter (around April 25, 2011) had long passed when he filed his level-one grievance on June 22, 2011.

### CONCLUSION

The Court concludes that Plaintiff did not seek relief under the UDOC Grievance Policy in a timely manner. He therefore failed to exhaust his administrative remedies as required by the PLRA.

IT IS ORDERED that Defendants' Summary Judgment Motion is GRANTED.
(*See* Doc. 20.)  This case is CLOSED.

DATED this 20th day of February, 2014.

BY THE COURT:

_____
Chief Judge Ted Stewart
United States District Court